**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ARTHUR L. BAKER,**

                Appellant,                1:11-cv-1423
                                                            (GLS)

           v.

**KENNETH SALAMONE,**

                Appellee.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE APPELLANT:** | |
| Richard Croak & Associates | RICHARD CROAK, ESQ. |
| 314 Great Oaks Boulevard | |
| Albany, NY 12203 | |
| | |
| **FOR THE APPELLEE:** | |
| Deily, Mooney Law Firm | LEIGH A. HOFFMAN, ESQ. |
| 8 Thurlow Terrace | |
| Albany, NY 12203-1006 | |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Appellant Arthur L. Baker appeals from an October 14, 2011 order of the Bankruptcy Court (Robert E. Littlefield, Jr., *Chief Judge*), dismissing his Chapter 13 case with prejudice and barring him from refiling for "relief under the bankruptcy code" for 180 days.  (*See* Dkt. No. 1, Attachs. 2-3.)

Baker argues that the Bankruptcy Court's decision was inconsistent with its own rules, due process and fundamental fairness. (*See* Dkt. No. 6 at 1.) For the reasons that follow, the Bankruptcy Court's order is affirmed.

## II. **Background**

On July 29, 2011, appellant-debtor Baker filed a voluntary petition under Chapter 13 of the Bankruptcy Code and listed appellee Salamone as a secured creditor. (*See* Dkt. No. 4 ¶ 14; Dkt. No. 2, Attach. 9 at 13.) However, this was the not the first time that Salamone was involved in a bankruptcy proceeding with Baker. (*See* Dkt. No. 4 ¶ 6.) Prior to commencing the instant action, Baker was either associated with, or the debtor in, three separate bankruptcy proceedings; the second of which—another Chapter 13 case filed in May 2010—also involved Salamone's secured claim. (*See id.* ¶¶ 1-11; Dkt. No. 2, Attach. 9 at 2.)

With respect to the events leading up to this appeal, Salamone filed a motion to dismiss with prejudice on September 13, 2011, citing numerous inaccuracies in Baker's petition. (*See* Dkt. No. 4 at 5-10.) At the conclusion of the motion hearing, Chief Judge Littlefield found that because of Baker's intentional lack of candor with respect to the disclosure of his interests in corporate, real and personal property, cause for dismissal

2

under 11 U.S.C. § 1307(c) existed.  (*See* Tr.[1] at 135:23-137:2, Dkt. No. 3.) Calling it a "deliberate manipulation of schedules and petitions," Chief Judge Littlefield granted Salamone's motion and dismissed Baker's petition with prejudice.  (*Id.* at 137:1; *see* Dkt. No. 1, Attach. 2.)

### III. Standard of Review

District courts have jurisdiction to hear both interlocutory and final appeals from orders of the bankruptcy court.  *See* 28 U.S.C. § 158(a).  In exercising its appellate jurisdiction, the district court distinguishes between findings of fact and conclusions of law; reviewing the former under the "clearly erroneous" standard, and the latter *de novo*.  *See, e.g.*, *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp* (*In re Enron*), 419 F.3d 115, 124 (2d Cir. 2005); *see also United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."). Where a finding is mixed—*i.e.*, contains both law and fact—the *de novo* standard applies.  *See Travellers Int'l A.G. v. Trans World Airlines, Inc.*, 41

---

[1] "Tr." refers to the transcript from Baker's motion to dismiss hearing on October 5, 2011.  (*See generally* Dkt. No. 3.)  Pincites to the transcript are to the page numbers in the top right corner of the pages.

F.3d 1570, 1575 (2d Cir. 1994). After applying these standards to the questions of law and fact, the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

## IV. Discussion

Baker's principal argument is that dismissal under section 1307 was not the appropriate remedy for the errors in his petition and schedules.[2] (*See* Dkt. No. 6 at 4-8.) Salamone counters that Chief Judge Littlefield was justified in dismissing Baker's case for cause under 11 U.S.C. § 1307(c). (*See* Dkt. No. 7 at 7-11.) The court agrees with Salamone.

"Full disclosure is the cornerstone and capstone of any bankruptcy case and is necessary for the successful administration of a bankruptcy estate." *Goodmar, Inc. v. Hamilton* (*In re Hamilton*), 306 B.R. 575, 585

---

[2] Baker also argues that the Bankruptcy Court's expedited proceedings and the Chapter 13 trustee's decision to join Salamone's motion at the conclusion of the hearing violated, *inter alia*, his due process rights. (*See* Dkt. No. 6 at 1-4.) Though Baker objected to the trustee's action at the proceeding as "irregular," (Tr. at 135:7), the record is devoid of any reference to a due process violation. Moreover, Baker failed to show that he raised any of these concerns with the Bankruptcy Court. Because these grounds were not preserved for review, no further discussion is required. *See, e.g.*, *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994).

4

(Bankr. W.D. Ky. 2004).  To this end, 11 U.S.C. § 1307(c) provides, in relevant part, "on request of a party in interest or the United States trustee and after notice and a hearing, the court may . . . dismiss a case under this chapter . . . for cause."  In evaluating a dismissal under section 1307(c), courts "apply a totality of circumstances test," which considers, among other things, "whether the debtor has stated his debts and expenses accurately . . . [or] has made any fraudulent representation to mislead the bankruptcy court."  *In re Armstrong*, 409 B.R. 629, 634 (Bankr. E.D.N.Y. 2009) (internal quotation marks and citation omitted).  Though not explicitly articulated in the text of section 1307(c), "fraudulent conduct by the atypical litigant who has demonstrated that he is not entitled to the relief available to the typical debtor" is cause for dismissal.  *Marrama v. Citizens Bank of Mass.,* 549 U.S. 365, 374-75 (2007).

Here, the Bankruptcy Court held that the "deliberate manipulation of schedules and petitions" was cause for dismissal under section 1307(c). (Tr. at 135:23-137:2.)  Indeed, in his summation, Chief Judge Littlefield noted the following discrepancies: a mischaracterization of Baker's real property; a failure to disclose the existence of at least one checking account, and his interests in an insurance policy and corporate assets; an

5

omission of his real property income; and issues with a payment to his attorney and the transfer of a luxury vehicle. (*See id.* at 135:23-136:16.) Moreover, Baker, who now claims that his erroneous filings were the result of a "disagreement on how assets are to be listed," (Dkt. No. 6 at 6), has yet to offer a genuine explanation for the inconsistencies Salamone highlighted in his 2010 and 2011 petitions, (*see* Dkt. No. 4 at 5-10). Had this been Baker's first filing in bankruptcy court, such "disagreements" would be conceivable. However, this was not only the fourth bankruptcy case Baker was associated with, but he was also represented by the same counsel in both the 2010 and 2011 cases. (*See, e.g.*, *id.* ¶¶ 1-11; Tr. at 125:19-126-3.) Thus, the totality of circumstances unequivocally support the Bankruptcy Court's decision to dismiss Baker's case. *See In re Armstrong*, 409 B.R. at 634.

Having reviewed the Bankruptcy Court's findings of fact for clear error, and its conclusions of law *de novo*, the court concludes that Baker disregarded his fundamental duty of full disclosure, *see In re Hamilton*, 306 B.R. at 585, and exemplifies the "atypical litigant who has demonstrated that he is not entitled to the relief available to the typical debtor." *Marrama,* 549 U.S. at 374-75. As such, the Bankruptcy Court's decision to dismiss

the petition with prejudice under 11 U.S.C. § 1307(c) is affirmed.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the judgment of the Bankruptcy Court is **AFFIRMED**; and it is further

**ORDERED** that the Clerk enter judgment and provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 2, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court